The document below is hereby signed.

Signed: December 26, 2017



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VISION INVESTMENT LLC, | ) | Case No. 17-00012 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
MOTION SEEKING TO MODIFY CONSENT ORDER REGARDING AUTOMATIC STAY

The debtor has filed a motion seeking relief from a consent order modifying the automatic stay of 11 U.S.C. § 362(a) pursuant to which the debtor was required to make certain payments in order for the automatic stay to remain in place with respect to its mortgagee. The debtor defaulted in making a payment as required by the consent order. Pursuant to the terms of the consent order, the mortgagee filed a notice of default, and the automatic stay terminated as to the mortgagee to permit it to proceed to hold a foreclosure sale of the debtor's real property. The debtor seeks an order permitting it to cure its default in making payments under the consent order and to reinstate the automatic stay subject making future required payments in a

timely fashion.  Alternatively, the motion seeks to require that any foreclosure proceeds in excess of the principal amount of the mortgage loan be placed in the court registry.  The motion must be denied.

I

Pursuant to Fed. R. Civ. P. 60(b)(5), a court may grant relief from a judgment when "applying it prospectively is no longer equitable."  *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992) ("Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous.").  Nevertheless, the "[m]odification [of a judgment] is an extraordinary remedy, as would be any device which allows a party . . . to escape commitments voluntarily made and solemnized by a court decree." *Twelve John Does v. District of Columbia*, 861 F.2d 295, 298 (D.C. Cir. 1988).  Ordinarily, "modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree."  *Rufo*, 502 U.S. at 385 (citations omitted).

Furthermore, in applying Rule 60(b)(5), it is important to bear in mind the particular circumstances in which the consent order arose.  For example, a consent decree like the one in *Rufo,* governing institutional reform that will take place over an extended period of time (which could entail surrounding

2

circumstances changing over time), is dramatically different from a consent order setting forth clear-cut payment terms that attempts to bring certainty to the parties to the consent order as to whether the automatic stay will remain in place.

Under *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932), Rule 60(b)(5) may not be invoked to readjust the consent order "in its application to the conditions that existed at its making." This understanding of the application of Rule 60(b)(5) has not changed under *Rufo*, and it remains an important requirement that "a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." 502 U.S. at 383.[1]

Modification may be warranted (1) when changed factual conditions make compliance "substantially more onerous"; (2) when a settlement agreement "proves to be unworkable because of unforeseen obstacles"; or (3) when enforcement would be "detrimental to the public interest." *N.L.R.B. v. Harris Teeter Supermarkets*, 215 F.3d 32, 35 (D.C. Cir. 2000) (quoting *Rufo*, 502 U.S. at 384). Under the *Rufo* standard, no significant change in

---

[1] However, *Rufo* abandoned the requirement in *Swift & Co.*, that "[n]othing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1203 (D.C. Cir. 1995).

circumstances or facts has occurred in this case that "make compliance with the [consent order] substantially more onerous," make the [consent order] "unworkable because of unforeseen obstacles," or make "enforcement [of the consent order] detrimental to the public interest."

First, changed factual conditions have not made compliance "substantially more onerous." The parties obviously contemplated that the debtor might not make the payments required of it under the consent order. Unlike an injunction in institutional reform litigation (as in *Rufo*), the consent order here required fixed amounts of payments to keep the automatic stay in place, and the required payments remained the same and did not become substantially more onerous.

Second, the consent order did not become "unworkable because of unforseen obstacles." Nothing precluded the debtor from making the payments other than the anticipated possibility that the debtor's principal might be unable to make the payments. The debtor points to its principal's inability to generate sufficient cash flow to make the $10,000 payment the debtor was required to make on November 1, 2017, under the consent order. However, that inability is not a changed circumstance. When the consent order was entered into, the debtor recognized that its compliance with the consent order would turn on its principal's ability to generate cash flow with which to make required payments.

4

Notably:

> Self-imposed hurdles and hurdles inherent in a consent decree's entry do not count as "obstacles." *Cf.* [*Rufo*] at 380-81, 384, 112 S.Ct. 748 (describing with approval the Third Circuit's reference in *Philadelphia Welfare Rights Organization v. Shapp*, 602 F.2d 1114, 1121 (3d Cir. 1979), to "circumstances largely beyond the defendants' control and not contemplated by the court or parties").

*NLRB v. Harris Teeter Supermarkets*, 215 F.3d 32, 36 (D.C. Cir. 2000).

Finally, the public interest weighs in favor of certainty in upholding the parties' bargain and the clear conditions to which the parties agreed regarding keeping the automatic stay in place.

The debtor points to its having made several of the payments that were required of it, as well as its ability to bring payments current now.  In the context of injunctions entered in school desegregation cases, the Court has noted that such injunctions "are not intended to last in perpetuity," and that good faith compliance over a significant period of time is a relevant factor to consider in deciding whether to end such an injunction.  *Board of Educ. v. Dowell*, 498 U.S. 237, 248-49 (1991).  With respect to the relevance of good faith compliance, the court in *Harris Teeter* concluded: "While we agree that good faith compliance certainly matters, extended compliance alone does not compel the modification of a consent decree. . . . *Dowell* and *Rufo* must be read together and the precedent leads us to conclude that compliance over an extended period of time is

5

not in and of itself sufficient to warrant relief." *Harris Teeter*, 215 F.3d at 36 (citing *Dowell*, 498 U.S. 237, and *Rufo*, 502 U.S. 367). Without events or changed circumstances which "make compliance with the decree substantially more onerous," make the decree "unworkable because of unforeseen obstacles," or make "enforcement [of the decree] detrimental to the public interest," Rule 60(b)(5) relief is inappropriate despite an extended period of good faith compliance. *Id.*

II

Any motion under Rule 60(b)(5) for modification of an agreement must be made "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). The debtor's mortgagee filed its notice of default under the consent order on November 15, 2017, and the debtor received notice on November 29, 2017, of the foreclosure sale set for December 27, 2017. The debtor filed the instant motion on Friday December 22, 2017, at 1:48 p.m. with a foreclosure sale set for Wednesday December 27, 2017. The debtor has not sought to modify the consent order within a reasonable period of time when it could have filed its motion many days ago, permitting full briefing of the motion on a regular schedule. Instead, it filed a motion on Friday December 22, 2017, to require the mortgagee to oppose the debtor's motion by 11:00 a.m. on Tuesday December 26, 2017. The motion to modify the consent order was not filed within a reasonable period of time.

6

The debtor bases its motion in part on the need to obtain a resolution of its objection to the mortgagee's claim in order to secure refinancing.  However, the debtor has not moved with dispatch in seeking a resolution of that objection to the mortgagee's claim.  The debtor filed the objection on September 20, 2017.  The mortgagee opposed the objection on October 17, 2017.  No request was made for expedited consideration of the objection.  The court gave notice on December 2, 2017, of a scheduling conference regarding the objection to be held on December 19, 2017.  Neither of the parties appeared at that scheduling conference and, apparently pursuant to consent of the parties arranged with the court's courtroom deputy clerk, the scheduling conference was continued to January 10, 2018.  The debtor's failure to press with any urgency its objection to the mortgagee's proof of claim additionally weighs against treating its motion to modify the consent order as filed within a reasonable time.

III

The debtor asks in the alternative that the court require its mortgagee to deposit into the Court Registry all proceeds from the sale of the debtor's real property in excess of the principal amount of its mortgagee's loan, which is $850,000.00, until such time as this court is able to resolve the debtor's objection to the mortgagee's secured claim.  If this relief is

sought as a modification of the consent order, such Rule 65(b)(5) relief is barred for the same reasons as set forth above.  If the relief is sought as independent injunctive relief, Fed. R. Bankr. P. 7001 requires that any such request be sought via an adversary proceeding complaint.  Accordingly, that request must be denied as sought in a procedurally improper fashion.

                                IV

In accordance with the foregoing, it is

ORDERED that the debtor's *Emergency Motion to Modify the Consent Order Modifying the Automatic Stay* (part of Dkt. No. 80) is DENIED.

[Signed and dated above.]

Copies to: E-recipients of orders.